**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

VALDECI MORAES,

      Petitioner,

v.                                                                                    No. 2:26-cv-00763-DHU-JFR

PAMELA BONDI, Attorney General of the United
States; SECRETARY, U.S. Department of Homeland
Security; MARY DE ANDA-YBARRA, El Paso Field
Office Director, Immigration and Customs Enforcement;
TODD LYONS, Acting Director of Immigration and Customs
Enforcement; and WARDEN, Otero County Processing Center,

      Respondents.

## <u>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT</u>

THIS MATTER is before the Court on Petitioner Valdeci Moraes' *pro se* Petition for a Writ of Habeas Corpus ("Petition"). Doc. 1. For the reasons set forth below, the Petition is **DISMISSED AS MOOT**.

**I.**
**BACKGROUND**

Petitioner is not a citizen of the United States. *See generally* Docs. 1, 6. On September 17, 2025, Petitioner was detained by immigration officials. Doc. 1 at 4.

On March 13, 2026, Petitioner filed the instant Petition, challenging his immigration detention as prolonged. *Id.* at 6. He asks the Court to order Respondents to release him from custody. *Id.* at 7.

On March 27, 2026, Respondents filed a Motion to Dismiss the Petition ("Motion"). Doc. 6. In the Motion, Respondents notify the Court that, on March 25, 2026, Petitioner was removed from the United States pursuant to his final Order of Removal. *Id.* at 1-2. Respondents argue that,

due to Petitioner's removal, Petitioner's challenge to his detention is moot. *Id.* at 1. They ask the Court to dismiss this case for lack of jurisdiction. *Id.* at 2.

## II.
## LEGAL STANDARDS

District courts have the authority to grant a writ of habeas corpus when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88, 121 S.Ct. 2491 (2001)).

Article III of the United States Constitution forms "the basis for our mootness doctrine." *Shields Law Grp., LLC v. Stueve Siegel Hanson LLP*, 95 F.4th 1251, 1280 (10th Cir. 2024). Article III limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249 (1990). District courts do not have jurisdiction where no actual or live controversy exists. *Habecker v. Town of Estes Park*, 518 F.3d 1217, 1223 (10th Cir. 2008) ("Without a live, concrete controversy, we lack jurisdiction to consider claims no matter how meritorious." (internal quotation marks and citation omitted)). Accordingly, when an action "no longer present[s] a case or controversy," the action becomes moot. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978 (1998).

A habeas petition presents a live controversy if "some concrete and continuing injury" remains. *Id.* In the context of immigration, "[f]or a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007); *see also Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002) ("We will not dismiss a petition as moot if . . . collateral injuries survive after resolution of the primary

injury" (internal quotation marks and citation omitted)). "[W]here the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." *Abdala*, 488 F.3d at 1064.

### III.
### BRIEF DISCUSSION

In his Habeas Petition, Petitioner challenges his immigration detention as prolonged and requests his release from immigration custody. Doc. 1 at 6-7. As Petitioner was removed from the United States on March 25, 2026, he is no longer detained and in immigration custody. The "successful resolution of [his] pending claims could no longer provide the requested relief." *See Abdala*, 488 F.3d at 1065. Accordingly, there is no actual injury or collateral consequence that can be redressed by a successful ruling on the Petition. The Court, therefore, finds that no case or controversy exists and that Petitioner's claims have become moot. *See Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) ("[Petitioner's] challenge to the legality of his detention . . . is moot. [His] administrative removal order has been executed, and thus, [he] is no longer in the custody of the DHS to benefit from a bond determination or release.").

### IV.
### CONCLUSION

**IT IS HEREBY ORDERED** that Petitioner Valdeci Moraes' *pro se* Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED AS MOOT**. The Clerk's Office may close this civil habeas case.

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

3